**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| BRHANE GEBREMICHEAL,<br><br>　　　　　　　Plaintiff,<br>vs.<br><br>YELLOW CHECKER STAR<br>TRANSPORTATION COMPANY,<br><br>　　　　　　　Defendant. | Case No. 2:14–cv–1447–LDG–VCF<br><br>**ORDER AND**<br>**REPORT & RECOMMENDATION** |

　　　This matter involves *pro se* Plaintiff Brhane Gebremicheal's Americans with Disabilities' action against Yellow Checker Star Transportation Company. (*See* Compl. #1-1).[1] Before the court is Gebremicheal's application to proceed *in forma pauperis* and complaint. For the reasons stated below, the court recommends that Gebremicheal's complaint should be dismissed with leave to amend.

**BACKGROUND**

　　　Brhane Gebremicheal wanted to be a taxi cab driver. (Compl. (#1-1) at 1). On June 29, 2012, he applied for a job with Yellow Checker Star Transportation Company. (*Id*.) When he discussed the position with a supervisor, however, Gebremicheal was told that it would be "difficult" for Gebremicheal to perform because of Gebremicheal's disability. (*Id*.) Gebremicheal responded saying that he "can do it" and will have "no problem performing the job." (*Id*.) The supervisor was unpersuaded.

　　　On July 17, 2012, Gebremicheal returned to Yellow Checker Star Transportation Company to follow up on job opportunities. (*Id*.) The supervisor was allegedly unhappy to see Gebremicheal again.

---

[1] Parenthetical citations refer to the court's docket.

(*Id.*) He to Gebremicheal to leave the premises and that, if he did not leave immediately, security would escort him off the property. (*Id.*)

Over two years later, on September 8, 2014, Gebremicheal commenced this civil action, alleging that Yellow Checker Star Transportation Company violated the Americans with Disabilities Act, 42 U.S. Code §§ 12101, *et seq*. Gebremicheal also alleges that he is indigent and unable to pay the court's filing fee.

## *IN FORMA PAUPERIS* APPLICATION

Gebremicheal asserts in his application to proceed *in forma pauperis* that he is currently unemployed, has no take home wages, and no money in a checking or savings account. (#1). Plaintiff also asserts that he has no debts or expenses. (*Id.*) Accordingly, plaintiff's request to proceed *in forma pauperis* is granted pursuant to § 1915(a).

## LEGAL STANDARD

After a court grants a plaintiff *in-forma-pauperis* status, it must review the operative complaint to determine whether it is frivolous, malicious, or fails to state a plausible claim. *See* 28 U.S.C. § 1915(e). This review is guided by two legal standards: Federal Rule of Civil Procedure 8 and the Supreme Court's decision in *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Federal Rule of Civil Procedure 8(a) provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." FED. R. CIV. P. 8(a)(2). The Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) states that in order to satisfy Rule 8's requirements a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. at 680. The Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) and *Iqbal* prescribe a two-step procedure for determining whether a complaint's allegations cross that line.

First, the court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," *id*. at 678, or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id*. at 681.

Second, the court must determine whether the complaint states a "plausible" claim for relief. *Id*. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679 (citation omitted).

If the factual allegation, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id*. (citing FED. R. CIV. P. 8(a)(2)).

However, where a *pro se* litigant is involved, courts are directed to hold the litigant to "less stringent standards." *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hughes v. Rowe*, 449 U.S. 5, 10 n. 7 (1980). "Such litigants often lack the resources and freedom necessary to comply with the technical rules of modern litigation." *Mala v. Crown Bay Marina, Inc*., 704 F.3d 239, 244–45 (3d Cir. 2013) (citing *Moore v. Florida*, 703 F.2d 516, 520 (11th Cir. 1983)).

If the court dismisses a complaint under section 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

## DISCUSSION

The Americans with Disabilities Act ("ADA") prohibits an employer from discriminating "against a qualified individual with a disability because of the disability." *See* 42 U.S.C. § 12112(a) ("No covered entity shall discriminate . . . in regard to job application procedures. . . ."). To prevail on an ADA claim, a plaintiff must show (1) that he is disabled within the meaning of the ADA; (2) that he is a qualified individual with a disability; and (3) that he was discriminated against because of his disability. *Amerson v. Clark County*, 995 F. Supp. 2d 1155, 1163 (D. Nev. 2014) (citing *Nunes v. Wal–Mart Stores, Inc.*, 164 F.3d 1243, 1246 (9th Cir. 1999)).

Before commencing a lawsuit, however, a plaintiff must first file a timely charge of discrimination with the relevant state or federal agency. *See* 42 U.S.C. § 12117(a) (applying the administrative enforcement procedures of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, to ADA claims); *see also Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002). Normally, a charge is timely if the plaintiff files with the Equal Opportunity Commission ("EEOC") within 180 days of the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1). However, in a deferral state such as Nevada,[2] the employee has 300 days from the date of the alleged unlawful employment practice to file a charge of discrimination. NEV. REV. STAT. §§ 613.310 *et. seq.*; *Edwards v. Tahoe Pacific Hosp.*, No. 3:10–CV–209–RCJ–RAM, 2011 WL 2632877 at *5 (D. Nev. July 5, 2011). Once the agency dismisses the plaintiff's charge and issues a right-to-sue letter, the plaintiff then has ninety days to file a civil action in federal court. *See* 42 U.S.C. § 2000e–5(f)(1). A plaintiff may not file a suit under the ADA if he does not possess a right-to-sue letter. *See* 42 U.S.C. § 2000e–5(f)(1); 42

---

[2] "A deferral state is a state that has a state or local law prohibiting the practice alleged and has established or authorized the state or local authority to grant or seek relief from practices prohibited under the ADA." *See Sydnor v. Fairfax County, Va.*, 681 F.3d 591, 593 (4th Cir. 2012).

U.S.C. § 12117(a) (procedures from § 2000e–5 apply to ADA claims).[3]

Because filing a timely charge of discrimination with an agency is a requirement like a statute of limitations, it is subject to waiver, estoppel, and equitable tolling. *Zipes*, 455 U .S. at 393. Equitable tolling is available if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim. *See Holmberg v. Armbrecht*, 327 U.S. 392, 397 (1946). The plaintiff bears the burden of alleging in the complaint facts that give rise to tolling. *See Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir.1993) (quoting *Rutledge v. Boston Woven Hose & Rubber Co*., 576 F.2d 248, 250 (9th Cir. 1978)).

Here, Gebremicheal's complaint does not allege that he filed a timely charge with an administrative agency or that there are circumstances entitling him to equitable tolling. Therefore, Gebremicheal's complaint should be dismissed. Nevertheless, in light of the fact that Gebremicheal is proceeding *pro se*, the court grants Gebremicheal leave to amend his complaint by pleading facts demonstrating that he filed an administrative charge against Yellow Checker Star Transportation Company. Failure to file an amended complaint with these facts will result in a recommendation that Gebremicheal's discrimination action be dismissed with prejudice.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Gebremicheal's application to proceed *in forma pauperis* (#1) is GRANTED.

IT IS FURTHER ORDERED that the Gebremicheal is permitted to maintain the action to conclusion without the necessity of prepayment of any additional fees, costs, or security. This order granting *in forma pauperis* status does not extend to the issuance of subpoenas at government expense.

---

[3] While filing a timely charge of discrimination with an agency is not a jurisdictional prerequisite to suit in federal court, it is a statutory requirement. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393–95 (1982).

IT IS FURTHER ORDERED that Gebremicheal file an amended complaint with the Clerk of Court on or before September 30, 2014.

IT IS RECOMMENDED that Gebremicheal's action be DISMISSED with prejudice unless Gebremicheal files an amended complaint, which complies with this order by September 30, 2014.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist*., 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. **Failure to comply with this Rule may result in dismissal of the action**. *See* LSR 2-2.

DATED this 9th day of September, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE